Hill, 638. If the words are to be viewed merely as a repetition, and are sought to be proven in further proof of malice, then they need not be specifically pleaded. Enos v. Enos, 135 N. Y. 609, 32 N. E. 123.

There is still another ground upon which the motion should be denied. The affidavit upon which it is based was made by the plaintiff's attorney, and no reason is given why it was not made by the plaintiff himself. It is the well-settled practice that, unless the facts upon which a motion is founded are peculiarly within the knowledge of the attorney, the affidavit should be made by the party. Rhodes v. Lewin, 33 App. Div. 369, 370, 54 N. Y. Supp. 106. It appears from the affidavit in question that the matters therein set forth were peculiarly within the knowledge of the plaintiff, and are founded solely upon information received from him. The affidavit is therefore defective, and it follows from these views that the motion should be denied, with $10 costs.

---

(27 Misc. Rep. 47.)

RAFF et al. v. KOSTER et al.

(Supreme Court, Special Term, New York County. March, 1899.)

COSTS AFTER APPEAL—TAXATION.
     Where, on taxation of costs after an appeal, the bill of costs was verified as to the disbursements, but not as to the reasonableness of the items thereof, as required by Code Civ. Proc. § 3267, while the clerk had authority to disallow the items, he had no authority, in the absence of proof, to allow any sum therefor.

Action by Norman C. Raff and others against Koster, Bial & Co. Judgment for plaintiffs was reversed on appeal. 56 N. Y. Supp. 292. Motion for new taxation of costs granted.

Campbell E. Locke and Edward W. S. Johnston (Isaac Fromme, of counsel), for the motion.

James Harold Warner, opposed.

GIEGERICH, J. Upon taxation of the costs after an appeal, the clerk reduced the items claimed for printing disbursements in a substantial amount, the reduction being based solely upon the taxing officer's own view as to the proper charge for printing, after his examination of the printed papers. The bill of costs was verified as to the necessity of the disbursements, but not as to the reasonableness of the items thereof; and the printer's bills were produced in support of the items for printing. While the taxing officer was warranted in disallowing the items as presented, because they were not satisfactorily shown to be "reasonable in amount," in conformity with the requirements of section 3267 of the Code of Civil Procedure, he had no authority, in the absence of proof, to allow the sum he did therefor. Comly v. Mayor, etc., 1 Civ. Proc. R. 306, 317; Lotti v. Krakaner, Id. 312, 313, 1 City Ct. R. Supp. 60, 61. As the matter now stands, there is nothing to support the action taken by the clerk. Therefore, a new taxation is ordered before him, upon such

affidavits as to the reasonableness of these items as the parties may present. The item of $10 for costs paid by the defendants upon the motion, which was the subject of the appeal, was properly disallowed. No costs of this motion to either party.